61 P.3d 626

**Randall C. GOODWIN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

Nos. 26017, 27821.

Court of Appeals of Idaho.

Oct. 29, 2002.

Review Denied Jan. 17, 2003.

missible exercise of the court's jurisdiction in the probate action.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly J. Blas, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

In these consolidated appeals, Randall C. Goodwin challenges orders of the district court dismissing his application for post-conviction relief. We affirm.

# I.

## FACTS AND PROCEDURE

Goodwin pled guilty to burglary. I.C. §§ 18–1401, –1403. The district court sentenced Goodwin to a unified term of ten years, with a minimum period of confinement of five years. No appeal was taken from Goodwin's judgment of conviction or sentence. Goodwin subsequently filed an I.C.R. 35 motion requesting the district court to reconsider the sentence imposed, which was denied. Goodwin did not appeal from the denial of his Rule 35 motion.

Goodwin then filed an application for post-conviction relief. In his application, Goodwin alleged that his trial counsel was ineffective for: (1) not informing Goodwin of his right to appeal the denial of his Rule 35 motion; (2) failing to advise the district court of an alleged plea agreement between Goodwin and the state at sentencing, whereby the state agreed to recommend a suspended unified term of seven years, with a minimum period of confinement of one year, and that Goodwin be placed on probation for five years in exchange for Goodwin's guilty plea; and (3) not requesting that the pretrial conference, where the purported plea agreement was discussed, be recorded by a court reporter. In addition to his ineffective assistance claims, Goodwin asserted that the state breached the alleged plea agreement by recommending a minimum period of confinement of four years. The state filed an answer and requested that Goodwin's application be dismissed.

In September 1999, the district court entered its first order dismissing Goodwin's application with regard to his ineffective assistance of trial counsel claims. However, the district court scheduled further proceedings with respect to Goodwin's claim regarding the state's breach of the alleged plea agreement. In October, Goodwin's post-conviction relief application was dismissed with regard to the breach of the alleged plea agreement. Goodwin appealed. This appeal was docketed as No. 26017. After his appeal was filed, the Idaho Supreme Court granted a motion by the state to remand the case to the district court based on the district court's

failure to provide Goodwin twenty days' notice of its intent to dismiss his application as required by I.C. § 19–4906(b). Upon remand, the district court entered its third order dismissing Goodwin's post-conviction relief application without an evidentiary hearing and modifying Goodwin's sentence to run concurrent with a sentence imposed in an unrelated case. Goodwin again filed a notice of appeal, which was filed separately under Docket No. 27821. His original appeal, under docket No. 26017, was reinstated. The two appeals were then consolidated for review by this Court. On appeal, Goodwin asserts that he received ineffective assistance of trial counsel because counsel failed to consult with him about appealing the denial of his Rule 35 motion and failed to request the recordation of the pretrial conference by a court reporter. Goodwin does not argue any issues relating to the alleged plea agreement.

# II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to I.C. § 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with

**272**

the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

■ On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State,* 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct.App.1993).

### III.

### ANALYSIS

■ A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State,* 121 Idaho 918, 924–25, 828 P.2d 1323, 1329–30 (Ct.App.1992). To prevail on an ineffective assistance of counsel claim, the defen-

dant must show that the attorney's performance was deficient, and that the defendant was prejudiced by the deficiency. *Hassett v. State,* 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct.App.1995); *Russell,* 118 Idaho at 67, 794 P.2d at 656; *Davis v. State,* 116 Idaho 401, 406, 775 P.2d 1243, 1248 (Ct.App.1989). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Russell,* 118 Idaho at 67, 794 P.2d at 656. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177; *Russell,* 118 Idaho at 67, 794 P.2d at 656.

### A. Failure to Consult

Goodwin first argues that he received ineffective assistance of counsel because trial counsel failed to consult with him about appealing the denial of his Rule 35 motion. Goodwin claims that he did not request trial counsel to appeal from the denial of his motion because he was unaware he could do so.

■ An attorney who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Beasley v. State,* 126 Idaho 356, 360, 883 P.2d 714, 718 (Ct.App.1994). On the other hand, a defendant who explicitly instructs counsel not to file an appeal cannot later complain that, by following the defendant's instructions, counsel performed deficiently. *Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 1034, 145 L.Ed.2d 985, 994 (2000). Where the defendant has not conveyed his or her intent with respect to an appeal either way, the court must first determine whether trial counsel consulted with the defendant about an appeal. *Id.* at 478, 120 S.Ct. at 1035, 145 L.Ed.2d at 995; *Pecone v. State,* 135 Idaho 865, 868, 26 P.3d 48, 51 (Ct.App.2001). In this context, the term "consult" means advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defen-

dant's wishes. *Flores–Ortega,* 528 U.S. at 478, 120 S.Ct. at 1035, 145 L.Ed.2d at 995. If counsel has consulted with the defendant, then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with regard to an appeal. *Id.*

If counsel has not consulted with the defendant, then counsel's performance in failing to consult with the defendant is itself deficient if a rational defendant would want to appeal or the particular defendant reasonably demonstrated to counsel that he or she was interested in appealing. *Id.* at 480, 120 S.Ct. at 1036, 145 L.Ed.2d at 996. In making these determinations, courts must take into account all the information counsel knew or should have known. *Id.*

Once counsel's performance has been shown to be deficient, the defendant must demonstrate actual prejudice by showing that there is a reasonable probability that, but for counsel's deficient failure to consult with him or her about an appeal, the defendant would have timely appealed. *Id.* at 484, 120 S.Ct. at 1038, 145 L.Ed.2d at 999. In ascertaining whether a defendant has made the requisite showing of prejudice, courts may consider whether there is evidence of nonfrivolous grounds for appeal or the defendant in question promptly expressed a desire to appeal. *Id.* at 485, 120 S.Ct. at 1039, 145 L.Ed.2d at 1000.

In the case before us, the state submitted an affidavit of Goodwin's trial counsel in support of its motion for summary dismissal. In his affidavit, trial counsel averred that he advised Goodwin of all appellate processes that could be used on Goodwin's behalf and that Goodwin instructed counsel to file a Rule 35 motion, which counsel did. Counsel further averred that he informed Goodwin what his rights were relative to an appeal and that there was no instruction or request from Goodwin to appeal the denial of his Rule 35 motion. Consequently, no appeal was filed. In its third order dismissing Goodwin's application, the district court concluded that Goodwin's allegation that trial counsel was ineffective for failing to advise him of his right to appeal the denial of his Rule 35 motion was unsupported by the evidence. We conclude that, although trial counsel failed to adequately consult with Goodwin as defined in *Flores–Ortega,* summary dismissal of this claim was proper because Goodwin has not shown that a rational defendant in his position would want to appeal the denial of his or her Rule 35 motion.[1]

The information that trial counsel knew or should have known included, but was not limited to, the following: (1) Goodwin pled guilty to burglary, a felony punishable by imprisonment for not less than one nor more than ten years pursuant to I.C. § 18–1403; (2) Goodwin's sentence was within the statutory sentencing range; (3) Goodwin's offense involved the taking of more than $238,000 worth of coins from a residence; (4) by pleading guilty Goodwin indicated a desire to end judicial proceedings; (5) Goodwin did not appeal from his judgment of conviction or sentence; (6) in his Rule 35 motion, Goodwin did not challenge the legality or excessiveness of his sentence, or submit any additional evidence in support of his motion, but merely requested that the district court reconsider the sentence imposed; (7) Goodwin's presentence investigation report indicated that he had a significant criminal record, with numerous felonies involving stolen property; (8) the presentence investigator recommended imprisonment because Goodwin was not a suitable candidate for probation; and (9) appellate review of the denial of a Rule 35 motion involves a determination of whether a defendant's sentence was reasonable at the time of pronouncement or whether the defendant has shown that his or her sentence is excessive in light of additional information submitted in support of the motion.

Upon review of the factors that counsel knew or should have known, we conclude that a rational defendant in Goodwin's position would not have wanted to appeal the denial of his or her Rule 35 motion. As

---

1. Because there is no dispute that Goodwin did not request trial counsel to file an appeal from the denial of his Rule 35 motion, we need not examine whether Goodwin reasonably demonstrated his desire to appeal to counsel in determining whether counsel's failure to consult Goodwin about an appeal constituted deficient performance.

articulated by the district court in its order dismissing Goodwin's application for post-conviction relief, there is no reasonable possibility that Goodwin's sentence would have been reduced had he appealed from the denial of his Rule 35 motion, particularly in light of the severity of Goodwin's offense, his character and criminal record, and the standard applied by Idaho appellate courts in reviewing the denial of a Rule 35 motion. Therefore, we hold that Goodwin has not demonstrated that trial counsel's performance in failing to consult with him about appealing the denial of his Rule 35 motion constituted deficient performance and the district court did not err by denying Goodwin relief on this claim.

## B. Failure to Request a Court Reporter

Goodwin next alleges that trial counsel was ineffective for failing to request that the pretrial conference, where he claims the terms of the alleged plea agreement were discussed, be recorded by a court reporter. Goodwin argues that the failure to record the pretrial conference violated his right to due process.

> Idaho Code Section 1–1103 provides:
>
> The [court] reporter shall correctly report all oral proceedings had in said court and the testimony taken in all cases tried before said court, but the parties may, with the consent of the judge, waive the recording by such reporter of any part of the proceedings or testimony.

This statute does not define "oral proceedings" nor does it state that it specifically applies to pretrial conferences. There is no Idaho Criminal Rule concerning pretrial conferences. By analogy, therefore, we look to the Idaho Rules of Civil Procedure for guidance in determining whether pretrial conferences are required to be recorded by a court reporter. Pursuant to I.R.C.P. 16, the court in its discretion *may* schedule a pretrial conference. Scheduling such a conference is not mandatory but, rather, is discretionary with the trial court. Nothing in the Idaho Rules of Civil Procedure governing pretrial conferences mandates that such conferences be recorded by a court reporter.[2]

■ We conclude that pretrial conferences are not required to be recorded by a court reporter. As the district court stated at the hearing on the state's motion to dismiss after remand, pretrial conferences are not open court proceedings but are informal conferences with the court and counsel present. For these reasons, we hold that Goodwin has not demonstrated that the failure to record the pretrial conference held in the criminal proceeding rose to the level of a due process violation. Goodwin has not shown that trial counsel's failure to request a court reporter at Goodwin's pretrial conference constituted deficient performance and, therefore, the district court did not err by dismissing his application for post-conviction relief in relation to this issue.

## IV.

## CONCLUSION

Trial counsel's failure to consult with Goodwin regarding an appeal from the denial of Goodwin's Rule 35 motion did not constitute deficient performance because a rational defendant in Goodwin's position would not have wanted to appeal the denial of the motion. Therefore, the district court did not err by denying Goodwin relief relative to his ineffective assistance of counsel claim on that ground. In addition, because pretrial conferences are not required to be recorded by a court reporter, Goodwin has not demonstrated that trial counsel's failure to request the recordation of Goodwin's pretrial conference by a court reporter constituted deficient performance. Accordingly, the district court did not err by dismissing Goodwin's ineffective assistance claim on that ground. The orders of the district court dismissing Goodwin's

---

2. We also note an observation made by a justice of the Idaho Supreme Court that pre-trial conferences are not usually recorded by Idaho's trial courts. *See Campion v. Simpson*, 104 Idaho 413, 419 n. 2, 659 P.2d 766, 772 n. 2 (1983) (Bistline, J., dissenting) ("Assuming [the pre-trial confer-

ence] took place as scheduled, one can believe that the issues in the case were well discussed, and perhaps factual matters as well. There being no recording of such conferences, an appellate court does not even have the benefit of reading a 'cold record.' ").

application for post-conviction relief are affirmed.

Judge LANSING and Judge GUTIERREZ concur.