**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 37983**

| | | |
|---|---|---|
| **SHAWN ALAN LASH,** | ) | **2011 Unpublished Opinion No. 681** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 2, 2011** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Shawn Alan Lash, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Shawn Alan Lash appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

A jury found Lash guilty of three counts of lewd conduct with a minor under sixteen, I.C. § 18-1508, and three counts of sexual battery of a minor child sixteen or seventeen years of age, I.C. § 18-1508A(1)(a), for sexual contact with his daughter. The district court ordered the preparation of a psychosexual evaluation for sentencing purposes, and Lash participated in that evaluation. After the evaluation report was prepared and sent to the parties and the court, Lash moved for a second evaluation. The district court authorized a second evaluation and also agreed not to consider the first evaluation at sentencing in light of the Idaho Supreme Court's just-issued decision in *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006).

At the sentencing hearing, the district court made mention of the first evaluation, to which Lash's attorney did not object. The district court imposed six concurrent, unified life sentences, with minimum periods of confinement of twenty-five years. Lash appealed his

sentences to this Court, contending that the district court violated his Fifth and Sixth Amendment rights, as they were defined in *Estrada*, by considering the first psychosexual evaluation during sentencing. This Court affirmed in an unpublished opinion. *State v. Lash*, Docket No. 33958 (Ct. App. Sept. 17. 2009). Lash then filed a pro se application for post-conviction relief. Lash was appointed counsel who filed an amended application. Lash argued that his trial counsel was ineffective at sentencing for twice referencing the first psychosexual evaluation and for failing to object when the district court mentioned the first evaluation at sentencing. He also alleged that his trial counsel was ineffective for failing to hire an expert to evaluate Lash's computer in order to rebut the state's expert who testified that pornography was found on the computer. The state filed a motion for summary dismissal. After a hearing, the district court granted the state's motion and dismissed the application. Lash appeals.

An application for post-conviction relief initiates a proceeding that is civil in nature. *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. A claim for post-conviction relief will be subject to summary dismissal if the applicant has not presented evidence making a prima facie case as to

each essential element of the claims upon which the applicant bears the burden of proof. *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

Lash did not provide a record or transcripts from his underlying criminal case in the appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*.

We hold that the district court did not err in summarily dismissing Lash's application for post-conviction relief because Lash failed to present an adequate record on appeal. Accordingly, the district court's order summarily dismissing Lash's application for post-conviction relief is affirmed. Costs, but not attorney fees, are awarded to the respondent on appeal.

Chief Judge GRATTON, **CONCURS.**

Judge GUTIERREZ, **CONCURS IN THE RESULT.**