# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37773

| | | |
|---|---|---|
| JONATHAN DEREK REED, | ) | 2011 Unpublished Opinion No. 729 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 2, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying application for post-conviction relief, affirmed.

Jonathan Derek Reed, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jonathan Derek Reed appeals from the denial of his application for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Reed pled guilty to failure to register as a sex offender and a persistent violator sentencing enhancement. The court retained jurisdiction, ordering Reed to undergo a sex offender evaluation from within the department of correction rider program. Reed received a favorable recommendation for probation because, according to the evaluation, he was amenable to treatment in the community. The district court deviated from that recommendation and imposed a unified sentence of twenty-five years, with three years determinate. Reed filed an Idaho Criminal Rule 35 motion, which was denied.

Reed then filed an application for post-conviction relief. In Reed's application, he listed four separate issues. The only issue that is in contention in this appeal is whether Reed's counsel

1

was ineffective for failing to advise him of an offer to plead guilty to Count 1 of the Information in exchange for a sentencing recommendation of one year fixed, four years indeterminate. Reed claims that if he had been advised of the offer he would have taken it and not been subjected to the State filing an amended complaint with a persistent violator enhancement. At the conclusion of an evidentiary hearing, the district court denied Reed's application and subsequently entered a written order to the same effect. Reed appeals.

## II.

## DISCUSSION

An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). "An application for post-conviction relief differs from a complaint in an ordinary civil action[.]" *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628)). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review

2

of the district court's application of the relevant law to the facts. *Nellsch v. State,* 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-925, 828 P.2d 1323, 1329-1330 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

Reed claims that his counsel provided ineffective assistance by failing to advise him of a plea offer. Reed also argues that the district court erred in denying his application for post-conviction relief because his attorney was not allowed to cure a deficiency in Reed's pro se application. According to Reed, the district court did not allow his counsel to argue the cumulative impact that inadequate communication of the plea offer, or insufficient advice in which to consider the plea, amounted to ineffective assistance of counsel.

Reed argues that the failure of his attorney to adequately communicate the plea offer and to give sufficient advice in which to consider the plea amounted to ineffective assistance of counsel. This argument is separate and distinct from Reed's post-conviction application, which stated that Reed never was advised of the plea offer. Likewise, Reed's present argument contradicts his testimony of never being advised of the plea offer before his preliminary hearing. The district court noted that:

> During oral argument Reed attempted to shift the burden of proof to the State by arguing that even if the Court found the plea offer had been communicated there was no evidence any plea discussion adequately informed Reed that a decision to proceed to preliminary hearing would void the offer or to

3

[sic] any other potential consequence. First, that was not alleged in the Petition or by Reed when he testified. Second, the burden of proof is on the Petitioner, Reed. His position has always been that [his attorney] never told him about the offer.

Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Even if this Court were to entertain the argument, Reed has failed to show the communication was deficient. Reed therefore has failed to meet the first prong of *Strickland* and his claim that his counsel was ineffective for giving inadequate communication on the plea offer must fail. The district court did not err in this regard.

On the issue of Reed never receiving the plea offer, the district court heard the testimonies of Reed and his two court-appointed attorneys. Reed testified that he first learned of the plea offer from his attorneys prior to arraignment. The district court noted that his testimony was contradictory to his application, which stated that he was unaware of the plea offer until his privately-retained counsel asked Reed why he rejected the offer. The district court further noted that Reed tried to explain this inconsistency by testifying that the application referred to seeing the plea offer, not just learning of it. However, Reed later testified that he saw the offer sheet for the first time in October 2009 when he received the documents from his attorney, not when his attorney asked why he rejected the plea offer, as Reed had earlier testified. The district court found his explanation to be inconsistent and illogical.

Reed also testified that he only met with one of his attorneys on the day of the hearing for two or three minutes, that they never discussed the plea offer, and that he was not advised as to what could happen at the hearing. Reed also stated he had no contact with either attorney prior to that two or three-minute discussion and only met with one of the attorneys three times in all. Based on the inconsistencies between Reed's testimony and his application, as well as the testimony of his attorneys, the district court found that Reed was not credible.

One of Reed's court-appointed attorneys testified to not having an independent recollection of his meetings with Reed. However, the attorney's notes, written contemporaneously, indicated that he met with Reed at the jail a week prior to the preliminary hearing and twice on the day of the preliminary hearing. His notes further indicated that on the second meeting on the day of the preliminary hearing, he discussed a plea offer with Reed. The attorney testified that he always gave the defendant the right to decide whether to proceed to

preliminary hearing, and only if he disagreed with a defendant's decision to waive the preliminary hearing would he place that disagreement on the record, and there was no such notation in his notes. The court found the attorney's testimony credible and that he did communicate the plea offer to Reed.

Reed's other court-appointed attorney also testified at the hearing. This attorney testified to meeting with Reed in person on at least six occasions and had notes from the meetings. During one of those meetings, Reed was advised that there was a high likelihood he would be convicted. The attorney could not specifically recall discussing the initial plea offer, but remembered telling Reed that once the preliminary hearing was conducted, the State would no longer honor the offer. The district court found the attorney's testimony to be credible and also in direct contradiction to Reed's statement of only meeting three times.

To prove prejudice, Reed testified that he wanted to plead guilty from the beginning because he knew he was guilty. Therefore, he argues that he would have accepted the State's offer. The district court found Reed's testimony not to be credible because of the contradictory testimony of one of his attorneys. The attorney testified that when he met with Reed on January 16, 2008, Reed told him that if he could not get probation, then he wanted to go to trial. At a later meeting, Reed changed his mind and told the attorney that he would accept a retained jurisdiction recommendation, but still would not accept a prison offer. The same attorney also testified to meeting with Reed on two other occasions, and that he told Reed the State would not make the offer and that they were unwilling to reinstate the previous offer. The district court found, contrary to his contentions, that the evidence showed that Reed would not have accepted a prison offer prior to the hearing.

We have reviewed the record in this case, including Reed's testimony. The record clearly indicates that Reed was allowed to argue all of his claims. Reed relied solely on his testimony to support his claims. The district court found Reed's testimony to be inconsistent and not credible. In contrast, the district court found the testimonies of Reed's attorneys to be credible and that Reed was advised of the plea offer. Those credibility determinations will not be disturbed by this Court. Therefore, the record does not demonstrate proof of ineffective assistance of counsel by a preponderance of the evidence. The district court did not err in denying Reed's application for post-conviction relief.

### III.

### CONCLUSION

The record in this case is devoid of any credible evidence supporting Reed's claims of ineffective assistance of counsel. Therefore, the district court's order denying Reed's application for post-conviction relief is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**