# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43617

| | | |
|---|---|---|
| DOUGLAS BRENT MALAR, | ) | 2016 Unpublished Opinion No. 674 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

Order dismissing petition for post-conviction relief, <u>affirmed in part</u>, <u>reversed in part</u>, and <u>case remanded</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Douglas Brent Malar appeals from the district court's order summarily dismissing his petition for post-conviction relief. Malar contends the district court erred in summarily dismissing his post-conviction petition because although a claim that counsel failed to appeal his revocation of probation was not raised in his petition, the claim was tried by the consent of the parties. The State asserts the district court correctly granted the motion for summary dismissal because the issue was not raised in the petition and the claim could not have been tried by consent because there was no trial. We hold the district court addressed the claim as if it was raised in the petition and fully considered it on the merits and so, because the issue is properly before this Court, we need not address whether it was tried by consent. Additionally, because the district court incorrectly held the claim was time-barred, the order granting summary dismissal of that claim is reversed and the case remanded.

1

# I.

# FACTS AND PROCEDURE

Malar was sentenced in 2012 based upon his guilty plea to one count of felony driving under the influence in violation of Idaho Code § 18-8004. He was sentenced to a unified term of four years, with two years determinate, and placed on probation. No appeal was filed. On January 9, 2015, following a determination that Malar had violated various terms and conditions of probation, the district court revoked probation and executed the underlying sentence. Malar filed an Idaho Criminal Rule 35 motion; no appeal was filed from the order revoking probation or the order on the Rule 35 motion.

Malar filed a petition for post-conviction relief on May 18, 2015. Therein, he alleged as a basis for post-conviction relief: 1) counsel was ineffective for failing to raise issues at appropriate times; 2) law enforcement withheld information favorable to the defense; and 3) he was persuaded to plead guilty by threats from counsel. Later in the petition, Malar claimed additional instances of ineffective assistance of counsel as follows: 1) counsel failed to file a motion to suppress; 2) counsel failed to inform him of the elements of driving under the influence; and 3) counsel wished to proceed to arraignment without discovery. Malar specifically petitioned from the January 9, 2015, order; although, he called it the date of sentence rather than the date of probation revocation.

Little detail regarding the claims was provided in Malar's first affidavit attached to the petition. Malar filed a second affidavit following the State's motion for summary dismissal. In that affidavit, Malar provided more detail, much of which related to the underlying criminal conviction. The relevant portions are as follows:

4. When I violated my probation in September 2012, I again asked [my public defender] if there was a way to retract my plea, or appeal my case, and I was informed there was not.

5. In December 2014, I asked [my public defender], the assigned [p]ublic [d]efender, about having the issue revisited. She informed me she was not aware of a way to do so.

6. [Public defender] was assigned as my [p]ublic [d]efender when my sentence was imposed on January 9, 2015. I asked him about appealing my case and was told I could not appeal my sentence or conviction regardless of the fact that I entered an Alford Plea [sic].

The State filed an answer and a motion for summary dismissal, arguing the petition was untimely filed. Malar's counsel responded, arguing the district court should equitably toll the time for filing the petition. The State requested the petition be summarily dismissed.

The district court granted the State's motion. First, although the district court referenced paragraphs two through six of Malar's second affidavit wherein Malar listed four occasions on which he asked for an appeal, the court made findings on only three of those dates. The district court made no findings regarding Malar's claim that he asked for an appeal after the probation revocation in January of 2015. As to the three dates for which the district court did find that Malar requested an appeal, the court held, "Petitioner has made out a prima facie case of ineffective assistance of counsel: Petitioner has demonstrated, and the state has not challenged, that he requested an appeal of his conviction, and Petitioner has suffered prejudice because he thereby lost the opportunity to appeal." However, the district court ultimately concluded that because Malar's request for an appeal was from his original conviction, the petition was time-barred in its entirety, and there was no basis to equitably toll the time for filing the petition. The district court then granted the State's motion for summary dismissal on that ground.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other

words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

4

*Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

Malar asserts on appeal his claim of ineffective assistance of counsel for failing to appeal after probation was revoked was tried by the consent of the parties. The State claims the issue could not have been tried by consent because absent a trial, there can be no "trial" by consent, and moreover, that theory is specifically exempted from summary dismissal proceedings. We hold that the district court treated the issue of whether trial counsel was ineffective for failing to appeal from the revocation of probation as if it were raised in the petition. Because the claim was actually considered and ruled upon by the district court, the claim is properly before this Court. Because we freely review the issue, we can determine whether the district court erred in summarily dismissing the claim.

In his petition, Malar claimed his trial counsel failed "to raise issues at appropriate times." Broadly speaking, this could include, among other things, failing to file an appeal from the revocation of probation, and the district court apparently read the claim as involving the filing of the various appeals. Malar provided additional factual support for this claim in paragraphs four through six of his second affidavit, where he asserted he requested an appeal on his case and counsel declined to file one. As such, Malar raised and factually supported a claim which, if true, would entitle him to relief. The State conceded and the district court found Malar's trial counsel rendered deficient performance for failing to file the appeal. The district court also found Malar suffered prejudice as a result of the failure because he lost the opportunity to appeal. This is because prejudice is presumed when the court finds a petitioner requested an appeal, but one was not filed. *See Roe v. Flores Ortega*, 528 U.S. 470 (2000).

In the district court's order granting the State's motion for summary dismissal, the court found that Malar sought post-conviction relief based on claims of ineffective assistance of

5

counsel and a coerced guilty plea. The district court cites to Malar's second affidavit, specifically to paragraphs two through six, when discussing Malar's request for appeals. Thereafter, the district court cites generally to the second page of the affidavit and states, in part: "Petitioner avers that he received ineffective assistance of counsel because he had asked whether he could appeal his conviction on three occasions and in every instance he was told that he could not appeal the conviction." The district court further cites from Malar's affidavit to note, "Petitioner alleges that he asked his public defender in May of 2012, September of 2012, and again in December of 2014, if he could appeal his case and each time was told he could not." As noted, the district court did not reference the January 2015 discussion regarding appeal.

The district court denied the claim erroneously believing it was time-barred. In paragraphs two through six of Malar's second affidavit, Malar references four dates on which he requested an appeal: May 2012 (paragraph three); September 2012 (paragraph four); December 2014 (paragraph five); and January 2015 (paragraph six). The district court correctly determined that all of the claims except for the claim relating to the filing of an appeal from the revocation of probation were time-barred. However, as to the claim regarding trial counsel's failure to file an appeal from the revocation of probation, the district court did not recognize that appealing the case was not limited to the original judgment of conviction, but could also include appealing from the order revoking probation and the order on the Rule 35 motion, both of which would be timely claims. Moreover, the district court erred in failing to make a factual finding regarding the January 2015 request for an appeal and in finding both the December 14, 2014, and January 9, 2015, claims were time-barred.

In short, because the claim on which the district court found Malar was entitled to relief was not time-barred, it was error to grant the State's motion for summary dismissal.

## III.

## CONCLUSION

The district court correctly found that any claims relating to the original judgment of conviction were time-barred and that trial counsel rendered ineffective assistance of counsel for failing to file an appeal as requested by Malar from the revocation of probation and the order on the Rule 35 motion. However, because the district court erroneously held that claim was time-barred and dismissed Malar's petition for post-conviction relief, we reverse the order

6

summarily dismissing that claim and remand the case for further proceedings consistent with this opinion. The summary dismissal of all the other claims is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR**.