IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46461

DEREK JON SANDERS,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  April 21, 2020

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

      Derek Jon Sanders appeals from the district court's order summarily dismissing his petition for post-conviction relief.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

      A jury found Sanders guilty of criminal possession of a financial transaction card (FTC), Idaho Code § 18-3125; grand theft, I.C. § 18-2403(1), 18-2407(1); and being a persistent violator, I.C. § 19-2514.  After this Court affirmed Sanders' judgment of conviction and sentences on direct appeal, *State v. Sanders*, Docket No. 45315 (Ct. App. Aug. 13, 2018) (unpublished), Sanders filed a pro se petition for post-conviction relief and a supporting affidavit.  In his petition, Sanders asserts a claim of ineffective assistance of counsel based on an imputed concurrent conflict of interest between public defenders working in the same office.

      The State moved to summarily dismiss Sanders' petition.  In response, Sanders filed an amended affidavit in which he explained his understanding of the conflict of interest:  David

1

Martinez, a public defender, represented Sanders but had to withdraw because Martinez also represented an "important witness" in Sanders' case and another potential witness, Pia Adamson. In lieu of Martinez's representation, Sanders agreed to Riley Fry's representation--even though Sanders knew Fry worked in the same public defender's office as Martinez. At trial, Fry and another public defender, Kent Reynolds, represented Sanders. Sanders alleges Fry performed deficiently in numerous regards including failing to conduct discovery, failing to make evidentiary objections at trial, and failing to call certain witnesses. In support of his ineffective assistance of counsel claim, Sanders contends Martinez's conflict of interest was imputed to Fry.[1]

The district court entered an order dismissing Sanders' petition for post-conviction relief. The court identified the purported conflict of interest as Martinez's representation of an "important witness." It found Sanders had failed to object to this alleged conflict and failed to provide any factual information about the involvement of the "important witness." As a result, the court ruled Sanders failed to demonstrate an actual conflict. Further, the court also ruled Sanders failed to show Fry's representation was "corrupted by conflicts of interest." Sanders timely appeals the district court's order.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its

---

[1]     Sanders does not allege Martinez's conflict of interest was imputed to Reynolds despite that Reynolds, like Fry, worked in the same public defender's office with Martinez.

2

allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004);

3

*Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Sanders argues Martinez's concurrent conflict of interest was imputed to Fry and thereby deprived Sanders of his Sixth Amendment right to the assistance of conflict-free counsel. The Sixth Amendment guarantees an accused the right to assistance of defense counsel. U.S. CONST. amend. VI. The United States Supreme Court has interpreted this guarantee to include "the right to be represented by conflict-free counsel." *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *see also State v. Severson*, 147 Idaho 694, 703, 215 P.3d 414, 423 (2009) (noting Sixth Amendment guarantees conflict-free counsel). If a conflict of interest adversely affects trial counsel's performance, a defendant may assert a post-conviction claim for ineffective assistance of counsel. *See State v. Guzman*, 126 Idaho 368, 370-71, 883 P.2d 726, 728-29 (Ct. App. 1994) (addressing post-conviction claim for ineffective assistance of counsel for conflict of interest based on joint representation of defendants). Generally, to prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that this deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When the petitioner premises an ineffective assistance claim on a conflict of interest, however, the analysis focuses on the nature of the conflict and the resulting prejudice. *See, e.g.*, *Guzman*, 126 Idaho at 371, 883 P.2d at 729 (analyzing conflict of interest from joint representation).

In this case, Sanders asserts that Martinez's representation of both the "important witness" and Adamson created a conflict of interest and that this conflict was imputed to Fry, who worked in the same public defender's office as Martinez. The Idaho Supreme Court

4

adopted a test to determine whether "one public defender's conflict should be imputed to the entire office" in *Severson*, 147 Idaho at 706, 215 P.3d at 426. In that case, the State charged Severson with murdering his wife. *Id.* at 701, 215 P.3d at 421. The district court appointed Ed Frachiseur, a public defender who worked for the Elmore County Public Defender's Office, to represent Severson. *Id.* Severson objected to Frachiseur's representation because another public defender in the same office, Ratliff, had represented the murder victim's mother in a civil action directly related to Severson's criminal case. *Id.* Despite Severson's objection, the court concluded Ratliff's conflict of interest did not preclude Frachiseur's representation of Severson. *Id.* The case proceeded to trial, and the jury found Severson guilty of murder.

On appeal, Severson argued "the district court deprived him of his right to be represented by conflict-free counsel by refusing to impute [Ratliff's] conflict of interest to the entire Elmore County Public Defender's Office." *Id.* at 702, 215 P.3d at 422. The Court noted that to determine whether an actual conflict of interest exists, Idaho courts apply Rule 1.7 of the Idaho Rules of Professional Conduct. *Severson*, 147 Idaho at 705, 215 P.3d at 425. Rule 1.7 provides that "'a lawyer shall not represent a client if the representation involves a concurrent conflict of interest'" and that a "concurrent conflict" arises if there is a "significant risk" the conflict will materially limit the lawyer's responsibility to his client. The Court further noted Rule 1.10 imputes a lawyer's concurrent conflict of interest to his entire firm. *Severson*, 147 Idaho at 705, 215 P.3d at 425.

The Court in *Severson*, however, declined to adopt a *per se* rule imputing one public defender's conflict of interest to all of the other attorneys in his office. *Id.* Instead, the Court adopted the two-prong test set forth in *State v. Cook*, 144 Idaho 784, 171 P.3d 1282 (Ct. App. 2007), to determine on a case-by-case basis whether one public defender's conflict should be imputed to his entire office. Under the *Cook* test, "the relevant inquiry is whether the circumstances demonstrate a potential conflict of interest *and* a significant likelihood of prejudice." *Severson*, 147 Idaho at 706, 215 P.3d at 426 (quotations omitted). If the defendant demonstrates both elements of the *Cook* test, then a presumption of both an actual conflict of interest and actual prejudice arises. *Severson*, 147 Idaho at 706, 215 P.3d at 426. Applying this rule, the Court concluded Severson established the first prong of the *Cook* test because Ratliff's representation of the victim's mother created a potential conflict of interest. *Severson*, 147 Idaho at 707, 215 P.3d at 427. The Court, however, ruled that Severson failed to establish the second

prong because there was no evidence that "Ratliff's conflict was likely to result in prejudice" or that "Mr. Ratliff and Mr. Frachiseur were acting in a manner adverse to Severson's interests." Further, the Court found co-counsel's presence "diminished any likelihood of prejudice." *Id.* Accordingly, the Court held "Severson was not deprived of his right to be represented by conflict-free counsel." *Id.*

The district court in this case applied the two-prong *Cook* test and analyzed both the nature of Martinez's conflict and whether "any conflict was likely to result in prejudice." The district court, however, modified the *Cook* test as adopted in *Severson*. Rather than considering whether Martinez's conflict created a *potential* conflict, the court concluded Sanders had the burden to show Martinez's conflict was an *actual* conflict because Sanders failed to object to the conflict at trial.[2] *See Severson*, 147 Idaho at 706, 215 P.3d at 426 (ruling "relevant inquiry" is "a potential conflict of interest"); *Cook*, 144 Idaho at 793, 171 P.3d at 1291 (noting same). The court ruled Sanders failed to meet the burden of showing an actual conflict.

On appeal, Sanders does not challenge the district court's conclusion that he had the burden to show an actual conflict. Instead, Sanders challenges the court's ruling that Martinez did not have an actual conflict of interest. In support, Sanders argues Martinez's representation of the "important witness" and of Adamson posed "a significant risk" of materially limiting Martinez's responsibilities to Sanders and thereby created an actual conflict under Rule 1.7. We disagree that Sanders alleged a genuine issue of material fact that a conflict of interest existed.

Sanders' allegations that Martinez represented an "important witness" in Sanders' case are insufficient to create a genuine factual issue. Sanders alleges only that Martinez told him that Martinez "represented an important witness" in his case and that Sanders informed Fry of the name of the "person who was a witness in my case." Sanders' petition and supporting affidavits fail to identify the "important witness,"[3] to allege the witness's involvement in the conduct

---

[2]    In *Severson*, the Court generally stated that if a "defendant did not object to the conflict at trial, the defendant's conviction will only be reversed if he or she can prove that an actual conflict of interest adversely affected his lawyer's performance." *Severson*, 147 Idaho at 423, 215 P.3d 703. This statement supports the district court's conclusion that Sanders had the burden to show an actual versus a potential conflict of interest.

[3]    In his appellate briefing, Sanders identifies the "important witness" as Roman Hamman and claims Hamman "would have supported [Sanders'] version of the events." Although Sanders mentions Hamman once in his amended affidavit, the record does not support Sanders'

giving rise to Sanders' criminal charges, to allege Sanders' understanding of the witness's anticipated testimony, and to explain whether that anticipated testimony would be adverse to or supportive of Sanders' defense. Absent such allegations, Sanders fails to allege facts sufficient to show Martinez's representation of the "important witness" posed a significant risk of materially limiting Sanders' representation or otherwise created a conflict of interest.

Although Sanders argues on appeal that Martinez's representation of Adamson created a conflict of interest, the district court did not address this issue. For an issue to be raised on appeal, the record must reveal an adverse ruling that forms the basis for an assignment of error. *State v. Huntsman*, 146 Idaho 580, 585, 199 P.3d 155, 160 (Ct. App. 2008); *State v. Amerson*, 129 Idaho 395, 401, 925 P.2d 399, 405 (Ct. App. 1996). Because the district court did not rule that Martinez's representation of Adamson was not a conflict, there is no adverse ruling for Sanders to appeal. Regardless, Sanders failed to allege sufficient facts to establish Martinez's representation of Adamson created a conflict. Although Sanders identifies Adamson by name and alleges she was with him when he used the FTC and "knew [he] had permission to use it," these allegations fail to show how Martinez's representation of Adamson posed a conflict. To the contrary, they suggest Sanders' and Adamson's interests may have been aligned, a suggestion which weighs against the conclusion Martinez's representation of Adamson was a conflict of interest.

Even assuming a conflict of interest, however, Sanders fails to establish the second prong of the *Cook* test requiring a showing of a significant likelihood of prejudice. The district court ruled Sanders failed to show prejudice, stating that "there is no *evidence* his representation was 'corrupted by conflicting interests' or that his counsel 'actively represented competing interests.'" Sanders contends "this statement reveals the district court's error" and argues the court's view of whether Sanders had "sufficient evidence to support his claim at the summary dismissal stage is irrelevant." Sanders' argument suggests the district court misunderstood the summary dismissal standard when referring to "evidence" versus allegations, which if accepted as true, would establish a prima facie claim. We disagree with Sanders' suggestion. The court

representations on appeal that Hamman is the "important witness" or that his anticipated testimony would support Sanders' defense.

cited and applied the correct legal standard, and its use of the word "evidence" is not a basis to conclude otherwise.

We agree with the district court that Sanders failed to show a significant likelihood of prejudice. Although Sanders alleges Fry's performance was deficient in numerous regards, including that Fry did not conduct certain discovery, did not object to certain evidence at trial and did not call witnesses, Sanders fails to allege a causal connection between Martinez's conflict of interest and Fry's performance. *Cf. Ridgley*, 148 Idaho at 677, 227 P.3d at 931 (ruling petitioner must show causal connection between performance and decision to plead guilty). For example, Sanders offers no proof that Fry did not conduct discovery to avoid implicating Martinez's clients in criminal activity or that Fry did not call Martinez's clients as witnesses because their testimony would have been adverse to their own interests. Moreover, this Court will generally not second-guess counsel's decisions about calling witnesses at trial absence evidence of counsel's shortcoming. *See State v. Abdullah*, 158 Idaho 386, 498-99, 348 P.3d 1, 113-14 (2015) (holding decision of what witnesses to call is an area where we will not second-guess counsel without evidence of inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective evaluation). Finally, Sanders fails to allege Fry's co-counsel, Reynolds, was operating under a conflict of interest, actual or otherwise. Reynolds' participation in Sanders' trial diminishes the likelihood of any prejudice. *See Severson*, 147 Idaho at 707, 215 P.3d at 427 ("The presence of co-counsel further diminishe[s] any likelihood of prejudice.")

The record does not support Sanders' claim that Fry actively represented conflicting interests or that any conflict of interest even existed. Moreover, Sanders failed to meet his burden of showing a significant likelihood of prejudice from any purported conflict. Accordingly, the district court properly denied Sanders' ineffective assistance of counsel claim.

## IV.

## CONCLUSION

Sanders failed to meet his burden of showing a material issue of fact that Martinez had a conflict of interest that was imputed to Fry and posed a significant likelihood of prejudice. As a result, Sanders failed to state a prima facie claim for ineffective assistance of counsel and was not entitled to an evidentiary hearing. Accordingly, we affirm the district court's summary dismissal of Sanders' petition for post-conviction relief.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.