**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41154**

| | | |
|---|---|---|
| **RONALD L. MACIK,** | ) | **2014 Unpublished Opinion No. 753** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: October 8, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of the district court summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Ronald L. Macik, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Ronald L. Macik pleaded guilty to first degree murder and was sentenced in 1972. In 2011, nearly forty years after his conviction, Macik began initiating proceedings to challenge that conviction. This appeal arises from the third case in the course of the litigation. Below, the district court dismissed Macik's successive petition for post-conviction relief because he failed to show a sufficient reason that the claims were not raised in the original post-conviction action. Macik largely fails to respond to the district court's rationale and, instead, attempts to persuade this Court that he is innocent.

1

# I.

# BACKGROUND

The factual and procedural background of this case may be gleaned from two prior appeals. First, background concerning the offense may be found in *State v. Powers*, 96 Idaho 833, 835-36, 537 P.2d 1369, 1371-72 (1975):[1]

> On the night of August 14, 1971, the body of William Butler, who had been an inmate at the Idaho State Penitentiary, was found by prison officials rolled up in a floor mat against the wall in the gymnasium area of the prison. An autopsy conducted on the following day, disclosed that the cause of death was multiple stab wounds with massive hemorrhage resulting from one stab wound to the heart and massive head injuries. [Powers] along with fifteen other inmates at the Idaho State Penitentiary, old site, was moved to the maximum security unit at the site of the new penitentiary the day after Butler's body was found. The Ada County Sheriff's office was called in to investigate the murder, and questioned the inmates who were confined to the maximum security unit in the course of its general investigation.
>
> On September 24, 1971, Paul W. Bright, Ada County Sheriff, received word that [Powers] wanted to talk to him. Sheriff Bright brought a tape recorder and visited [Powers] in his cell. Sheriff Bright testified that he asked [Powers] why he wanted to see him, and [Powers] said it was about the Butler murder. The Sheriff then said, "What about it?" and [Powers] replied, "Well, I done it." This exchange took place before the tape recorder was turned on, and before [Powers] was afforded his Miranda warnings.
>
> Immediately thereafter, and before any other statements were made, [Powers] was apprised of his Miranda rights, which [Powers] stated that he understood. [Powers] still wished to talk to the Sheriff, and made a statement confessing to the commission of the murder. At [Powers'] request, he was removed from the Idaho State Penitentiary and brought to the Ada County Sheriff's office the following day on September 25, 1971. [Powers] made another statement, which was an elaboration of his first statement given the previous day, after again being afforded his Miranda rights and waiving them. On September 26, 1971, [Powers] made a final statement to the Sheriff, after again being read the Miranda warnings, which [Powers] acknowledged that he understood.
>
> [Powers] was jointly charged along with Ronald Macik and William Burt, for the murder of William Butler.

---

[1]  That appeal addressed claims raised by Macik's co-defendant, Danny Ray Powers. The complete record of that case is not before this Court. However, the facts cited above do appear in our record because, in 1971, the lower court held a single preliminary hearing for Macik, Powers, and a third co-defendant.

The procedural history of Macik's recent attempts to obtain relief appears in *Macik v. State*, Docket No. 40321 (Ct. App. Oct. 24, 2013) (unpublished):

> In 1972, Macik pled guilty to first degree murder and the district court imposed a life sentence. Macik did not appeal, or any appeal that he filed was dismissed, as there is no record of an appeal in his case. On March 14, 2011, Macik wrote a letter to the district court that was treated as a motion to withdraw his guilty plea and counsel was appointed to represent him. The district court concluded that it was without jurisdiction to consider the merits of Macik's claim and denied the motion. This Court affirmed the district court's decision in *State v. Macik*, Docket No. 39233 (Ct. App. 2012) (unpublished) and a remittitur was issued on June 28, 2012.
>
> On July 26, 2012, Macik filed a petition for post-conviction relief, alleging several claims related to the entry of his guilty plea in 1972. Macik also filed a motion for the appointment of counsel, which the district court denied on August 8, 2012. On August 22, 2012, the State filed a motion for summary dismissal of Macik's petition. The district court granted the motion five days after its filing and summarily dismissed the petition on August 27, 2012.
>
> On August 29, 2012, Macik filed a motion for leave to amend his petition, requesting permission to submit evidence of his claims to the district court. On August 30, 2012, the district court denied his motion, finding that he failed to identify any new claims he might have.

On appeal, this Court concluded that Macik was improperly denied "the mandatory twenty-day period to respond" to the State's motion for summary dismissal and remanded the matter to the district court. *Id.* On remand, the post-conviction court dismissed the petition as untimely. Macik appealed that ruling and the appeal is still ongoing.

Before the appeals of the original petition were completed, Macik initiated the present action. Through counsel, Macik filed a pleading titled "Petition for Post-conviction Relief." That document stated that Macik sought relief pursuant to Idaho Code § 19-4901 "based on the attached Verified Motion to Re-Open Case Based on Newly Discovered Evidence."[2] In that motion, Macik contended that he was heavily medicated at the time of his guilty plea and was pressured to plead guilty to avoid the death penalty. He stated that he had recently received "crucial transcripts," namely the transcript of his 1971 preliminary hearing. He argues that he is actually innocent, that a manifest injustice has occurred in his case, and that evidence of these assertions may be found in an affidavit sworn by Danny Powers, Macik's co-defendant.

---

[2] The motion states that Macik is entitled to relief pursuant to Idaho Rule of Civil Procedure 59(a)(4) and references the 1971 criminal case. We treat this matter as a successive petition for post-conviction relief because the parties and the district court have all done so.

3

Alternatively, he claims that he received ineffective assistance of counsel because his attorney failed to inform him that these documents existed. Likewise, he claims that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963) (discussing the State's duty to disclose certain exculpatory evidence). In addition, he raises a *Miranda*[3] claim. Finally, he claims that his attorney was ineffective when he failed to file an appeal. Unfortunately, the exhibits Macik references are not contained in our record on appeal.[4]

Macik acknowledges that his request for relief is not particularly timely. He explains the considerable delay in seeking a remedy on three grounds. First, in approximately 1999, he was too poor to pay the fees required to obtain the relevant transcripts. Second, he was paroled in 2001 and, at that point, he considered the issue moot. Then, in 2007, he had a "massive stroke" which incapacitated him. For all of these reasons, he failed to seek relief until 2009, when he had been returned to jail for a parole violation and his stroke symptoms had abated.

The State argued that summary dismissal was proper on several grounds. First, the petition was not timely as Macik was present at the preliminary hearing where Powers' confession was discussed. Moreover, even if Macik was correct and he did not obtain any documents until 2009, evidence that is discovered three years before one files a petition for post-conviction relief is not "new." Second, the State argued that the co-defendant's confession did not exculpate Macik. Third, the State urged that claims regarding Macik's mental health should be disregarded as Macik had been evaluated at the time of his plea and the court and the parties were aware of the substance of that evaluation.

The district court held that Macik did not present new evidence. On that basis, it concluded that Macik had failed to show a sufficient reason for his claims to be raised in a successive petition and, therefore, summarily dismissed the case.

---

[3]     *Miranda v. Arizona*, 384 U.S. 436 (1966) (prior to initiating custodial interrogation, the police must give a suspect certain warnings describing his right to remain silent and right to an attorney).

[4]     Below, the district court described these exhibits as excerpts from the preliminary hearing. The full transcript of that hearing appears in our record.

On appeal, Macik seeks to dispute "the factual findings of the state courts in this case, and in all related cases assigned to the Appellant." In particular, he contends that testimony at the preliminary hearing demonstrates his innocence.[5]

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of

---

[5]    Because we affirm the summary dismissal of this case on procedural grounds, we need not address the merits of Macik's claims. However, we discuss the merits of Macik's arguments briefly, for the benefit of interested readers and to allay potential concerns that we are ignoring credible evidence that Macik is actually innocent. Macik's claims of actual innocence are based upon two portions of the preliminary hearing.

First, a prison guard testified about what he saw on the night of the murder. The guard came upon a locked door to a gym in the old Idaho Penitentiary. When he knocked on the door, Macik opened a curtain and indicated to fellow inmates that a guard was there. Minutes later, Macik opened the door. Later that evening, a body was found, wrapped in wrestling mats in that room. Macik contends that this testimony is exculpating because the guard observed him near the door and observed other prisoners located closer to where the body was found. Evidence that Macik was located in the same room as the body, on the night of the murder, behind a locked door, is hardly exculpating. Nor would a reasonable person infer that Macik was innocent from the fact that others (potentially including his co-defendants) were seen closer to the body. Indeed, when these facts are considered along with the facts that Macik asserts on appeal, the testimony tends to inculpate Macik. On appeal, Macik informs us that he went to the room because he was upset with the victim, knowing that was where the victim would be, and knowing that the door locked. Accordingly, we are not persuaded that this amounts to evidence of innocence.

Second, one of Macik's co-defendants, Powers, confessed that he was involved with the murder. At the preliminary hearing, a police officer testified that Powers told the officer "I'm the one that done it." Although the full text of the confession does not appear in our record, a description of the confession in the record shows that Powers did not take full responsibility for the murder. Although he admitted his involvement, he told officers that another person (unspecified in our record) made the killing blows. Accordingly, Powers' confession does not exculpate Macik. Indeed, it is consistent with the State's evidence tending to show that Macik, Powers, and a third man acted in concert when they murdered the victim. *See State v. Powers*, 96 Idaho 833, 846, 537 P.2d 1369, 1382 (1975) (at Powers' trial, the third co-defendant testified that Macik planned the attack and helped gather the weapons used to kill the victim).

Although this reasoning is not the basis for our disposition of the case, it is apparent that Macik did not present even a colorable claim of actual innocence.

the evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c).

> Idaho Code § 19-4908 limits the availability of successive post-conviction actions:
>
> > All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Because Macik has filed a successive petition, it was properly dismissed unless he has demonstrated "a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

We conclude that Macik provided no evidence that there existed a "sufficient reason" that the claims raised in his successive petition were not raised in the original petition for post-conviction relief. Assuming that Macik's timeline is correct, he received the preliminary hearing transcript in 2009. Accordingly, he knew the "facts" supporting his claim years before his original petition for post-conviction relief was filed. Other than complaints about prior counsel, he provides no explanation for the delay. Ineffective assistance of prior post-conviction counsel is not a "sufficient reason" for the purposes of I.C. § 19-4908. *Murphy v. State*, 156 Idaho 389, 391, 327 P.3d 365, 367 (2014) (overruling *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981)). Accordingly, summary dismissal was proper. *Griffin v. State*, 142 Idaho 438, 441, 128

P.3d 975, 978 (Ct. App. 2006) (summary dismissal is proper when a petitioner fails to show that there was a "sufficient reason" that a claim was not raised in the original petition).[6]

## III.

## CONCLUSION

The district court dismissed this case because Macik failed to provide a sufficient reason that his claims were not raised in his original petition. We find no error in that conclusion and affirm the judgment of the district court on that basis.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

---

[6] Macik argues that we should ignore the applicable Idaho provisions and apply the equitable tolling principles applicable to federal habeas corpus proceedings. Those provisions are not applicable to proceedings in state courts. If Macik believes his claims will be subjected to more favorable review in federal courts, he may seek relief in that forum. We also note, primarily for Macik's benefit, that the provisions he cites appear to discuss timeliness. This case was not dismissed below for untimeliness; it was dismissed because Macik had waived his claim by failing to raise it in his original post-conviction action. Accordingly, even if tolling applied, his case would still be subject to dismissal.