**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43292**

| | | |
|---|---|---|
| **TARANGO DEFOREST PADILLA,** | ) | **2016 Opinion No. 32** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: May 12, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment denying petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Tarango Deforest Padilla appeals from the district court's denial of his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 2:30 a.m., Officer Gonzales was patrolling an alley in a marked police car with the headlights turned off. He watched as Padilla entered the alley and began "shuffling" and "fumbling around." When Padilla exited the alley, Officer Gonzales drove onto the street, turned on his headlights, and positioned his vehicle so Padilla could see that he was in a clearly marked police car. When Officer Gonzales began to step out of the vehicle, Padilla ran. Officer Gonzales shouted at Padilla several times to stop, but Padilla kept running. Officer Gonzales then called for assistance.

1

Padilla jumped over a fence, twisted his ankle, fell, and lay in some bushes until detected. An assisting officer located Padilla and immediately handcuffed him. Officer Gonzales searched the area where Padilla lay and found a credit card, cash, and ceramic pieces from a spark plug. He noticed the items were clean and appeared to have been recently placed in the bushes. Based on Officer Gonzales' training and experience, he knew that spark plugs can be used to break automobile windows. Officer Gonzales searched Padilla's person and found two credit cards and more pieces of a spark plug. Officer Gonzales then retraced the path Padilla had used to flee and found a flashlight in a yard Padilla had run through.

Padilla was charged with two counts of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), and with being a persistent violator, I.C. § 19-2514. At trial, Padilla testified that on the night of the incident, he left the home of an acquaintance and was walking home through an alley when he heard a vehicle come at him at a "rate of speed that startled" him. Padilla testified that he believed he was going to "get jumped" and so he began running. Padilla testified that he did not hear the officer yell at him to stop. The three credit cards,[1] spark plug pieces, and flashlight were all admitted at trial.

Padilla was convicted and appealed the conviction. This Court affirmed the conviction in *State v. Padilla*, Docket Nos. 38899/38900 (Ct. App. Dec. 28, 2012) (unpublished). Padilla then filed a timely petition for post-conviction relief alleging that his counsel provided ineffective assistance by failing to file a motion to suppress evidence obtained as a result of an unconstitutional investigatory stop. Following an evidentiary hearing, the district court denied the petition. Padilla appealed the district court's order denying his petition for post-conviction relief.

On appeal, this Court vacated the district court's judgment denying post-conviction relief and remanded the case for additional factual findings. *Padilla v. State*, 158 Idaho 184, 191, 345 P.3d 243, 250 (Ct. App. 2014) (hereinafter *Padilla II*). We held that the district court failed to make the necessary findings to resolve factual disputes related to the theory that counsel was ineffective for failing to file a motion to suppress. We requested that the district court make the requisite factual findings and conclusions of law. The State sought Supreme Court review,

---

[1] The district court explained: "The record is unclear whether Gonzales found more than one credit card next to Padilla in the bushes, but it is clear that none of the credit cards found that evening belonged to Padilla."

2

alleging that there were sufficient factual findings to deny the petition without further factual findings from the district court. The Supreme Court denied the State's request for review. On remand, the district court did not hold a new evidentiary hearing, but issued an amended judgment. In the judgment, the district court provided a "Facts" section that mirrors the testimony given at trial and does not resolve factual disputes. Yet, the district court also included a "Conclusions of Law" section that addresses the parties' factual disputes and also makes the requested conclusions of law. The district court entered its amended judgment holding that the motion to suppress would have been denied and, again, denied Padilla's petition for post-conviction relief. Padilla timely appealed.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence. Idaho Code § 19-4907; *Stuart*, 118 Idaho at 869, 801 P.2d at 1220; *Baxter v. State*, 149 Idaho 859, 861, 243 P.3d 675, 677 (Ct. App. 2010). When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate

court will not disturb the lower court's factual findings unless they are clearly erroneous. Idaho Rule of Civil Procedure 52(a); *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony, and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Dunlap*, 141 Idaho at 56, 106 P.3d at 382; *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Baxter*, 149 Idaho at 862, 243 P.3d at 678.

On appeal, Padilla contends the district court erred by denying his petition for post-conviction relief, alleging ineffective assistance of defense counsel. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness.[2] *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

---

[2] In *Padilla II*, we asked the district court to make a conclusion of law as to "whether it would have been objectively reasonable for defense counsel to file a motion to suppress." *Padilla v. State*, 158 Idaho 184, 191, 345 P.3d 243, 250 (Ct. App. 2014). The State contends that the correct standard of review is "whether counsel's performance was objectively unreasonable" for failure to file a motion to suppress. *Padilla* notes that the language we used sets a new standard. The State is correct. We did not intend a new standard in our reference to conclusions the district court should make. We are not bound by the language used in *Padilla II* and will apply the correct standard. *See State v. Stuart*, 118 Idaho 932, 935, 801 P.2d 1283, 1286 (1990).

4

Padilla asserts that his defense counsel should have moved to suppress evidence obtained as a result of an unconstitutional investigatory stop. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Id.* at 477-78, 180 P.3d at 516-17.

Padilla claims that he has established deficient performance and prejudice in his counsel's failure to file a motion to suppress evidence seized as the result of an unconstitutional investigatory stop. An investigative detention is permissible if it is based upon specific articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). In *Padilla II*, we noted the debate between the parties about whether flight alone is enough to establish reasonable suspicion. Padilla asserted that the only facts known to the officer to support reasonable suspicion were Padilla's presence in the alley and his subsequent flight. Padilla claimed that flight by itself does not give rise to reasonable suspicion and that had his defense counsel filed a motion to suppress, the State would have had no evidence linking him to any thefts and the case would have been dismissed. The State argued the contrary, asserting that the factual circumstances were sufficient to establish reasonable suspicion that Padilla had been or was going to be engaging in criminal activity.

In our opinion, we held that coincidental flight alone is not sufficient to establish reasonable suspicion because it is not indicative of a guilty conscience, but we left open whether causal flight alone is sufficient to establish reasonable suspicion, explaining:

> At the time of Padilla's arrest, the United States Supreme Court had declined to adopt per se rules regarding flight, but retained the totality of circumstances analysis when considering whether reasonable suspicion existed.
> . . . .
> In light of *Wardlow*, courts considering how flight factors into reasonable suspicion have developed competing rationales to hold that flight alone is sufficient or insufficient to give rise to reasonable suspicion . . . . The Iowa Supreme Court summarized its understanding of the applicability of flight in the reasonable suspicion analysis by noting that "the circumstances surrounding the

suspect's efforts to avoid the police must be such as to allow a rational conclusion that flight indicated a consciousness of guilt." According to the Iowa Supreme Court, "the key is that the relationship between the police presence and the suspect's flight was *causal* rather than *coincidental*."

The "key" factor for flight, recognized by the Iowa Supreme Court, was implicit in the United States Supreme Court's *Wardlow* analysis, as the Court relied on Wardlow's *unprovoked flight upon noticing the police.*

*Padilla*, 158 Idaho at 189-90, 345 P.3d at 248-49 (citations omitted). Thus, for flight to be relevant it must be causal, because causal flight indicates consciousness of guilt. The Iowa Supreme Court in *State v. Kreps*, 650 N.W.2d 636, 644 (Iowa 2002), outlined a test for determining whether flight indicates a consciousness of guilt. A conclusion of consciousness of guilt "can only be drawn if there is evidence permitting a reasonable inference that (1) the suspect knew the police were present and (2) the police believed that the suspect was aware of police presence." *Id.* While we do not specifically adopt the *Kreps* test, it is satisfied here.

When addressing Padilla's claims, we indicated as follows:

The facts potentially giving rise to reasonable suspicion, based on the officer's account, are that around 2:30 a.m., a male walked into and out of the Alley and then, upon the police officer's pulling his car into the Street and engaging the vehicle's headlights, the male turned and looked toward the officer's vehicle, turned again, ran, continued running after the officer exited his vehicle and yelled for the male to stop, and was eventually found hiding under a tree. Unlike *Wardlow*, there was no testimony that Padilla was in a high-crime area or an area with heavy narcotics trafficking. In contrast to the officer's account, Padilla testified that he did not see headlights or any lighting from the vehicle before he ran. And, according to Padilla, "[he] ran between two houses, thinking [he] was going to get jumped because [he] and [his] brothers have gotten jumped before." Padilla further claimed that he did not hear the officer tell him to stop. The district court, however, did not address these factual disputes.

*Padilla*, 158 Idaho at 191, 345 P.3d at 250. Since the district court had not set forth findings of fact relevant to the versions quoted above, we remanded for additional findings of fact and conclusions of law. On remand, the district court found the facts to be those as stated by the officer.[3] In fact, Padilla's claims that he ran because he thought he was going to get jumped by someone and that he would have stopped had he known it was a police officer, were specifically found by the district court to not be credible. The district court explained that Padilla's

---

3       As noted above, the "Facts" section of the district court's decision is actually more of a recitation of the competing testimony. However, the district court's "Conclusions of Law" section identifies the relevant factual findings.

testimony was "simply not credible" because his statement that he ran because he feared he would "get jumped" was "totally inconsistent" with his prior statement: "I was trying to make sure I didn't have nothing on me *in case I got found*. I mean, it wasn't--I had a misdemeanor warrant for a misdemeanor DUI at that time also, so I was panicking. I didn't want to pick up more charges because I thought I might have some weed on me."[4] The district court's factual findings support at least the reasonable inference that Padilla knew police were present, and that police believed he was aware of their presence.

The district court found that the officers had reasonable suspicion to conduct an investigatory stop on Padilla. The district court concluded that "the relationship between the officer's presence and Padilla's flight was causal rather than coincidental, shows a consciousness of guilt, and justifies an investigatory detention for someone running from the police at 2:00 A.M. and jumping over fences." We agree. Padilla was entering and exiting an alley in a residential neighborhood at night, he was "shuffling" and "fumbling" in the alley, and then fled once he saw law enforcement.

As noted above, the probability of success of a motion to suppress may be determinative of whether counsel provided deficient performance and might also be determinative of prejudice. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17. The probability of success for a motion is examined "in order to determine whether counsel's decision against pressing the motion was within the wide range of permissible discretion and sound trial strategy." *Hollon v. State*, 132 Idaho 573, 579, 976 P.2d 927, 933 (1999). "If the motion lacked merit and would have been denied, counsel ordinarily would not be deficient for failing to pursue it, and, concomitantly, the petitioner could not have been prejudiced by the want of its pursuit." *Huck v. State*, 124 Idaho 155, 158-59, 857 P.2d 634, 637-38 (Ct. App. 1993). Since reasonable suspicion for the detention existed, the district court would have denied the motion, and therefore, Padilla's counsel's performance was not deficient and, concomitantly, he could not be prejudiced by the non-deficient performance.

---

[4]     Padilla asserts that actions and statements made after a seizure cannot be used to determine whether reasonable suspicion existed to allow the detention. However, the court may, as here, determine the credibility of a party's version of the relevant facts which existed.

**III.**

**CONCLUSION**

The totality of the circumstances provided reasonable suspicion that Padilla was engaged in criminal activity. Thus, the investigatory stop and subsequent search of Padilla were lawful and the district court's motion to suppress would have been denied. Padilla has failed to show that his counsel provided ineffective assistance and the district court's denial of Padilla's petition for post-conviction relief is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.