**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45402**

| | |
|---|---|
| ROBERT BENJAMIN BRACKETT, | ) |
| | ) Filed: January 23, 2019 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Eric J. Wildman, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Robert Benjamin Brackett; Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

HUSKEY, Judge

Robert Benjamin Brackett appeals from the district court's order summarily dismissing his petition for post-conviction relief. Brackett raises numerous claims of ineffective assistance of trial and appellate counsel, as well as errors by the district court. Because the claims are untimely, are not supported by the record, could have been or were raised in one of Brackett's three direct appeals, or are not supported by legal authority on appeal, we affirm the district court's order dismissing Brackett's petition for post-conviction relief.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

This is the fifth appeal arising from the facts of Brackett's case. Brackett now appeals from the denial of his petition for post-conviction relief. The facts of Brackett's criminal case, which this Court has previously noted, are as follows:

1

In January 2011, a minor reported to authorities that she had a sexual relationship with forty-six-year-old Brackett. At the time of the relationship, the minor was sixteen years old. Officers recovered a camera containing many sexually explicit photos of the minor, which the minor claimed were taken by Brackett and some of which depicted her having sexual contact with Brackett. Brackett was charged with eight counts of possession of sexually exploitive materials, I.C. § 18-1507A, and eight counts of sexual battery on a minor child of sixteen or seventeen, I.C. § 18-1508A. Brackett's first trial ended in a mistrial after Brackett, during his opening statement, violated the district court's pretrial order. After his second trial, Brackett was found guilty by a jury of eight counts of possession of sexually exploitive materials and five counts of sexual battery on a minor child of sixteen or seventeen.

*State v. Brackett*, 160 Idaho 619, 624, 377 P.3d 1082, 1087 (Ct. App. 2016).

Brackett appealed from his judgment of conviction and this Court affirmed. *Id.* Brackett has filed, among other motions, four motions for new trial. He did not appeal the denial of his first motion for new trial. In two separate appeals, this Court affirmed the district court's denial of Brackett's second and third motions for new trial. *State v. Brackett*, Docket No. 44143 (Ct. App. Nov. 8, 2017) (unpublished); *State v. Brackett*, Docket No. 45071 (Ct. App. May 10, 2018) (unpublished). Brackett filed another appeal from the denial of his fourth motion for new trial and that appeal is currently pending in *State v. Brackett*, Docket No. 45566.

Following his unsuccessful attempts to prevail on direct appeal, Brackett filed the current pro se petition for post-conviction relief. Therein, Brackett raised the following claims: (1) his appointed counsel in CR-2011-692[1] rendered deficient performance by failing to request the charges be dismissed with prejudice; (2) counsel in CR-2011-8021 had a conflict of interest prior to withdrawing from the case; (3) counsel in CR-2011-8021 rendered ineffective assistance of counsel at the sentencing hearing for failing to adequately argue mitigation, file a proper appeal, and file an Idaho Criminal Rule 35 motion on the grounds of excessive sentence; (4) appellate counsel was ineffective for failing to raise various claims on direct appeal; (5) Brackett's Fourth Amendment rights were violated in the course of his arrest; (6) Brackett's Fifth Amendment rights were violated as a result of the district court's process of randomly pre-seating the jury;

---

[1]     Brackett was initially charged in CR-2011-692 with various charges of sexual battery of a minor child and kidnapping. The case was subsequently dismissed. While CR-2011-692 was pending, Brackett was charged with various counts of possession of sexually exploitative material in CR-2011-6155. That case was also subsequently dismissed. Ultimately, Brackett was charged with a combination of the charges from CR-2011-692 and CR-2011-6155 in CR-2011-8021. The first trial in CR-2011-8021 ended in a mistrial. Thereafter, Brackett was convicted by a jury of various counts.

(7) Brackett's Sixth Amendment rights were violated by the trial court permitting numerous counsel to withdraw from the case; (8) Brackett's Fourteenth Amendment rights were violated based upon a trial issue related to an SD card; (9) Idaho Code § 19-1508A is unconstitutional; (10) I.C.R. 48 is unconstitutional; (11) the State committed various *Brady*[2] violations; (12) the jury selection process violated Brackett's due process rights; (13) the prosecutor committed misconduct by failing to disclose an SD memory card; (14) the prosecutor committed vindictive prosecution; (15) the district court committed error in instructing the jury; (16) the district court erred in making various evidentiary rulings; (17) I.C.R. 16(m) is unconstitutional; (18) Brackett's rights to a speedy and fair trial were violated; (19) Brackett's Fifth Amendment rights were violated based on double jeopardy; (20) Brackett was prejudiced by the State dismissing the charges in CR-2011-6155 and refiling the charges in CR-2011-8021; (21) the presentence investigation report was falsified; (22) the district court erred by failing to provide a jury instruction on a lesser-included charge; (23) the district court failed to properly warn Brackett of the dangers of self-representation; (24) the district court failed to inform Brackett of "new laws" (I.C.R. 16(m) and I.C.R. 12.2); and (25) the district court erred by failing to order an evaluation to determine Brackett's competence to stand trial.

The district court issued a notice of intent to dismiss and addressed each claim. The court found that any claims related to CR-2011-692 were not timely filed. As to the remainder of the claims, the district court found the claims were not supported by the record, were not supported by admissible evidence, could have been raised on direct appeal but were not, and Brackett did not establish a prima facie case of either deficient performance or prejudice. As a result, the district court gave notice of its intent to dismiss all claims in the petition.

Brackett thereafter filed a notice of appeal, which was stayed pending an order dismissing the petition and a final judgment. Brackett also filed an objection to the district court's notice of intent to dismiss, arguing that he was entitled to an evidentiary hearing and restating the claims from his petition. Brackett did not respond to the substantive issues in the notice of intent to dismiss. The district court dismissed Brackett's petition for post-conviction relief and Brackett's appeal resumed. Brackett was appointed counsel on appeal but counsel was subsequently granted leave to withdraw.

---

[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rules of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

4

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

In this case, the district court correctly dismissed Brackett's petition for post-conviction relief. The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). Idaho Code Section 19-4901(a) states: "Any person who has been convicted of, or sentenced for, a crime, and who claims . . . [t]hat the conviction or the sentence was in violation of the constitution of the United States . . . may institute . . . a

5

proceeding under this act to secure relief." However, a petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010).

The district court found that Claim 1 was not timely because CR-2011-692 was dismissed without prejudice on September 2, 2011, and the petition was not filed until February 9, 2017. *See* I.C. § 19-4902(a) ("An application may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later."). The district court was correct in this regard and Brackett does not challenge this determination on appeal.

The district court found that Claims 5-12, 14-17, and 19-25 were all claims that could have or should have been raised on direct appeal. Brackett provides no argument and authority to explain why the district court erred in finding those claims could have or should have been raised on direct appeal. As with any issue raised on appeal, an appellant asserting error must support his argument with propositions of law, authority, and argument, otherwise it will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). As such, any challenges to the district court's determination that Brackett forfeited those claims in post-conviction proceedings have been waived on appeal.

Similarly, the district court held that Claims 2, 3, 4, 7, 8, 11, 13, and 23 were not supported by the record. Brackett does not challenge that finding and consequently, has waived any claim of error on appeal. The district court further held that other claims, including Claim 18, were addressed in a previous direct appeal. Brackett fails to provide argument and authority regarding this determination and thus, has waived any claim of error on appeal.

## IV.

## CONCLUSION

Because Brackett failed to assign specific error to the district court's notice of intent to dismiss his post-conviction petition and failed to provide argument and legal authority in his argument on appeal, we affirm the district court's order summarily dismissing Brackett's petition for post-conviction relief.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

6