**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50372**

| | |
|---|---|
| **ERIC JAMES GUNTER,** | ) |
| | ) **Filed:  June 27, 2024** |
| **Petitioner-Appellant,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| **STATE OF IDAHO,** | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Respondent.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael J. Reardon, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Eric James Gunter appeals from the district court's judgment granting the State's motion for summary dismissal of Gunter's post-conviction petition.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Gunter filed a petition for post-conviction relief challenging his sentence for domestic violence with traumatic injury.  Gunter alleged in his petition that "counsel failed to file petitioner Gunter's request for MRI Brain Scan at Public Expense."  Specifically, he made a claim of ineffective assistance of trial counsel for counsel's failure to investigate mental health, head injuries, and medical history in mitigation of his case and failure to obtain magnetic resonance imaging (MRI) in aide of a defense due to brain injury or medical issues caused by prior injuries and hospitalizations.  The State moved for summary dismissal of the petition.

1

The district court held a hearing on the State's motion for summary dismissal. The district court found that it did not appear from Gunter's petition that he made counsel aware of any circumstances that would suggest a need for an extensive mental health evaluation or an MRI. The district court further stated that the sentencing materials described Gunter as reporting no significant mental health concerns and demonstrating no evidence of cognitive impairment. The district court also found that Gunter failed to demonstrate prejudice. Therefore, the district court granted the State's motion for summary dismissal. Gunter appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence,

2

or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

Gunter argues that the district court erroneously granted the State's motion for summary dismissal of his ineffective assistance of trial counsel claim. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient, and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Gunter argues his trial counsel was ineffective because his counsel did not file a request for an MRI. Gunter contends that a confidential MRI and neuropsychological examination at public expense would disclose possible injuries and possible remaining gray matter pruning disfunction, all paramount to sentencing considerations. Based upon this evidence, Gunter argues the MRI would aid the defense due to brain injury or medical issues caused by prior injuries and hospitalizations and would have likely resulted in a lesser sentence.

The State argues Gunter did not allege or present evidence that he or the sentencing materials provided a basis for concluding counsel was ineffective for not requesting an MRI. In this regard, the State asserts that Gunter never discussed an MRI with his trial counsel. Rather, the State argues that Gunter's allegations are insufficient and that the sentencing materials would not put trial counsel on notice that an MRI should be conducted. The State argues that, at best, the sentencing materials reveal Gunter experienced some depression and anxiety but affirmatively

4

denied any mental deficits. Additionally, the State contends that Gunter's own allegations were that he himself did not conclude that an MRI evaluation would be beneficial to him until after his sentencing. Finally, the State contends that Gunter has failed to show prejudice.

The district court determined that Gunter failed to show a genuine issue of material fact with respect to the claim that he made counsel aware of any circumstances that would suggest a need for an extensive mental health evaluation or an MRI; that the sentencing materials showed Gunter was not reporting mental health concerns; and Gunter's own allegations were that he had come to the conclusion he needed an MRI only after sentencing. The district court concluded that Gunter failed to present evidence to establish any element of his claim for post-conviction relief. The district court stated: "it does not appear from his Petition that he made counsel aware of any circumstances that would suggest a need for an extensive mental health evaluation or an MRI." The sentencing materials "described Petitioner as reporting no significant mental health concerns and demonstrating no evidence of cognitive impairment."

Further, the district court found that Gunter's allegations reveal that he arrived at the notion that an MRI might be helpful after conducting his own research while incarcerated following his conviction, and that it did not create a question of fact regarding trial counsel's effectiveness. This finding was based on an accompanying memorandum where Gunter asserted that, after "long research" into the "unexplained reasoning and behavior that I have displayed," he concluded that an MRI neuropsychological examination would "show that neuronal tracts connecting different regions of the brain thickened as they were coated with a protective sheath of 'myelin during adolescence.'"

We agree with the district court's conclusion that there is no genuine issue of material fact in regard to counsel failing to obtain a mental health evaluation or an MRI. While Gunter points to the Presentence Investigation Report (PSI) and the Domestic Violence Evaluation indicating his mental health related issues, during the summary dismissal hearing, Gunter could not provide the court with evidence that he asked his counsel to request an MRI for sentencing. Even if Gunter's petition alleges he told counsel that an MRI was needed, he presented to the district court his own contradictory allegation that he only determined the need after lengthy research after sentencing. To be sure, as a general matter, trial counsel has a duty to conduct a prompt investigation. *See Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002). Based on the evidence, Gunter failed to show that trial counsel knew or should have known that an MRI would provide

material information relevant to the district court's sentencing decision. Trial counsel had access to the PSI, GAIN Assessment, and Domestic Violence Evaluation; however, nothing therein indicated that an MRI was recommended. Incident to the evaluations, Gunter denied significant mental impairment. Although there was evidence of a brain injury from the 1990's, Gunter denied problems related to that injury. Based upon all the information trial counsel had, and Gunter's failure to provide evidence that additional investigation would have been productive, the district court correctly concluded that there was no genuine issue of material fact that trial counsel's performance was deficient.

Perhaps more importantly, Gunter completely failed to show prejudice. In order to show ineffective assistance of counsel, Gunter is required to demonstrate a reasonable likelihood of a different result. Here, that different result would be a lesser sentence. Gunter did not provide any evidence regarding a mental deficit or that an MRI or any other mental health evaluation would reflect the anatomy of his brain at the time of sentencing. Instead, Gunter relies on articles that discuss juvenile brain development. Nothing in these articles in any way tends to demonstrate that a mental health assessment or an MRI would have produced relevant information at sentencing in this matter, especially in light of the fact that Gunter was fifty years old at the time of the offense, and thus, was so far removed from the subjects of the article as to render them meaningless. Thus, Gunter fails the second prong of the *Strickland* test. The district court did not err in granting the State's motion for summary dismissal.

## IV.
## CONCLUSION

Gunter failed to provide evidence to show a genuine issue of material fact that his trial counsel's actions were deficient or that he was prejudiced as a result. Accordingly, the district court did not err when it granted the State's motion for summary dismissal. The district court's judgment dismissing Gunter's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.